

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

**OCT 1 4 2011**

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| REBECCA J. HALL, | ) | **Case No. 7:11-cv-298** |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | **AND ORDER** |
| | ) | |
| DLC MANAGEMENT CORPORATION | ) | |
| and | ) | |
| DELHAIZE AMERICA, INC., | ) | **By: James C. Turk** |
| | ) | **Senior United States District Judge** |
| Defendants. | ) | |

Before the Court is Defendant Delhaize America Inc. ("Delhaize")'s Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 4). Plaintiff filed an Opposition (ECF No. 12). A hearing was held on September 29, 2011. The matter is now ripe for disposition.

Upon review of the parties' arguments, Delhaize's Motion to Dismiss is **DENIED.**

## I.   Background

Plaintiff filed her Complaint on June 27, 2011, alleging she slipped and fell in a parking lot at Southwest Plaza at the corner of Electric Road and Grandin Road in Roanoke, Virginia on December 30, 2009. Plaintiff alleges in her Complaint that the subject parking lot was owned and managed by Defendant DLC Management Corporation ("DLC"). Plaintiff further alleges that Delhaize rented property at the Southwest Plaza Strip mall to operate a Food Lion grocery store. Plaintiff states in her Complaint that on December 30, 2009, Ms. Hall was the defendants' invitee and as such had the right to assume the defendants' parking lot was reasonably safe. On

December 30, 2009, Ms. Hall walked through the parking lot toward the Food Lion entrance. On her way to the entrance, she slipped on "black ice" and fell to the ground, injuring herself. The instant action arose from those injuries.

Plaintiff alleges that defendants (1) owed her a duty to use ordinary care to have the parking lot premises in a reasonably safe condition; (2) owed her a duty to warn her of all unsafe conditions in its parking lot premises of which the defendants knew, or by the use of ordinary care should have known; (3) owed her a duty to use ordinary care to remove foreign objects from the parking lot premises within a reasonable time; and (4) owed her a duty to use ordinary care to remove the natural accumulation of ice or snow from the parking lot within a reasonable time after the storm ended.

## II.    Discussion

A complaint must include a short and plain statement of the claim under which the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Under the notice pleading standard employed by the federal courts, a plaintiff need only "give the defendant notice of what the claim is . . . and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In considering a motion to dismiss under Rule 12(b)(6), the Court is obligated to accept as true all of the complaint's factual allegations and take the facts in the light most favorable to the plaintiff. Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). In order to survive a motion to dismiss, however, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl., 550 U.S. at 555.

At its core, this case is nothing but a routine slip and fall action. The plaintiff alleges that she was Delhaize's invitee, and that she slipped and fell in the parking lot while on her way to

the Food Lion grocery store operated by Delhaize.  Delhaize counters that Plaintiff fell in co-defendant DLC's parking lot, over which Delhaize had no control, and that there is nothing in the Plaintiff's complaint indicating Delhaize ever owed her a duty of care.  Second, Delhaize argues that even if it did owe Plaintiff a duty, it would not have discovered the black ice that the Plaintiff allegedly slipped on using an ordinary duty of care, and thus the complaint fails to allege Delhaize breached its duty.

It is true that the Plaintiff's complaint is not the most artfully drafted pleading this Court has ever seen.  The Plaintiff does not separate out its claims against each of the defendants, instead lumping them in together and making general allegations of duty, breach, and care.  It is also true that Plaintiff never alleges a specific duty breached by Delhaize, other than the fact that its store was in the shopping center where the Plaintiff fell.  However, on a 12(b)(6) motion, a Plaintiff's complaint need not be perfect; it must simply contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl., 550 U.S. at 570.  Here, Plaintiff alleges that she was an invitee of Delhaize; indeed, she was at the shopping plaza because she wanted to shop at Delhaize's Food Lion store.   It is possible that Delhaize owed no duty to the Plaintiff.  But the Court cannot determine that at this stage of the proceedings.  Plaintiffs are to be given a long leash at the pleading stage, as the federal courts rely "on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).  Delhaize may be able to succeed on a summary judgment motion at a subsequent stage in the proceedings, but there is not enough to dismiss this action here.  Upon a review of the allegations in the complaint, the Court finds that

the Plaintiff makes out a plausible claim against Defendant Delhaize and declines to dismiss the complaint at this time.[1]

### III. Conclusion

For the reasons stated above, Delhaize's Motion to Dismiss (ECF No. 4) is **DENIED.**

The Clerk is directed to transmit copies of this order and opinion to all counsel of record.

ENTER: This _14th_ day of October, 2011.

_____
Senior United States District Judge

---

[1] As noted above, Delhaize also argues that because the Plaintiff alleges the black ice was not an open and obvious condition, she cannot allege that Delhaize has breached its duty. Under Virginia premises liability law, one who exercises control over a premises "owes the invitee the duty to use ordinary care to maintain the premises in a reasonably safe condition, and, unless a dangerous condition is open and obvious, the invitee has the right to assume that the premises are in such condition." Roll 'R' Way Rinks, Inc. v. Smith, 237 S.E.2d 157, 161 (Va. 1977) (citation omitted). The fact that the black ice was not apparent to the naked eye at the time of the Plaintiff's fall does not foreclose a cognizable claim under the law.