IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| REBECCA J. HALL, | Plaintiff, |
| v. | Civil Action No.: 7:11-CV-298 |
| FOOD LION, LLC, | Defendant/Third-Party Plaintiff, |
| v. | |
| SOUTHWEST IMPROVEMENTS, LLC, | Third-Party Defendant, |
| and | |
| DLC MANAGEMENT CORPORATION, | Defendant/Third-Party Plaintiff, |
| v. | |
| CLEAN-A-LOT, | Third-Party Defendant. |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COMES NOW the Defendant, Food Lion, LLC, by counsel, and respectfully submits herewith its Memorandum in Support of Defendant's Motion for Summary Judgment.

**I. PRELIMINARY STATEMENT**

Plaintiff filed her Complaint in the United States District Court for the Western District of Virginia on June 27, 2011. In her Complaint, Plaintiff alleged that on December 30, 2009, while walking through the parking lot at Southwest Plaza, she sustained injuries after slipping and falling on "black ice." She further alleged that Defendant DLC Management Corporation and Defendant Delhaize America, Inc.[1] were negligent in allowing "black ice" to remain in the parking lot and that this negligence is the cause of her injuries.

This case is now ripe for Summary Judgment.

---

[1] Delhaize America, Inc. was amended to Food Lion, LLC by Order of this Court, entered on November 2, 2011.

1

## II. STATEMENT OF MATERIAL FACTS TO WHICH THE DEFENDANT CONTENDS THERE IS NO GENUINE ISSUE

On December 30, 2009, at approximately 10:45 a.m., Plaintiff went to the shopping center located at the corner of Grandin Road and Electric Road so that she could purchase a money order at the Food Lion store. See deposition transcript of Rebecca Hall, a true and accurate copy of which is attached hereto as Exhibit 1 and is specifically incorporated herein by reference. (Hall at p. 22, ln 18-22). She testified that the weather was sunny and clear and she did not know the temperature. (Hall at p. 29, ln 4-11). When Plaintiff arrived at the store, she saw piles of snow in the parking lot around the light poles. (Hall at p. 68, ln 18-21). She did not know how far she had walked before she slipped and fell. (Hall at p.25, ln 4-6). She did not know when it had snowed prior to her fall. (Hall at p. 29, ln 15-20). She did not recall how big the piles of snow were. (Hall at p. 28, ln 22-24). Plaintiff also saw piles of snow in the parking lot at work that day. (Hall at p. 74, ln 9-11). Plaintiff could not recall how far she walked through the parking lot before she slipped and fell. (Hall at p. 25, ln 4-6). Plaintiff testified she was looking straight ahead when she slipped and fell. (Hall at p. 69-70, ln 23-24, 1). She could not recall or estimate how big of an area the icy patch covered. (Hall at p.70, ln 12-16). She did not know the source of the icy patch. (Hall at p. 71, ln 8-10). She did not remember seeing any streams of water in the parking lot. (Hall at p.71, ln 11-13). Plaintiff described the patch of black ice she slipped on as appearing to be water. (Hall at p. 28, ln 2-15). Because it appeared to be water, Plaintiff stepped in it voluntarily. (Hall at p. 28, ln 16-23). Plaintiff testified she did not know how long the black ice had been in the parking lot or from where it came. (Hall at p. 74, ln 1-5).

Plaintiff testified at her deposition that she had lived in Roanoke her entire life, that she was aware of periods in the winter months when it would snow, that snow would melt during

2

Case 7:11-cv-00298-JCT   Document 64   Filed 03/18/13   Page 2 of 11   Pageid#: 593

those times, and that melted snow would refreeze at times. (Hall at p. 30, ln 1-11). She further testified that based on years living in Roanoke, she was aware that piles of snow could melt and refreeze and that there could be black ice from such melting and refreezing. (Hall at p. 77, ln 2-8). She testified that she supposed that she knew she had to be concerned about black ice. (Hall at p. 30, ln 12-14). She stated she was not concerned about black ice when she went to the Food Lion as she did not have black ice on her mind constantly. (Hall at p. 30, ln 15-21). She did not know how long the black ice had been there. (Hall at p. 30, ln 22-24).

Plaintiff is 62 years old. (Hall at p. 4, ln 11-12). She testified at her deposition that she had never slipped on black ice prior to this incident. (Hall at p. 31, ln 5-7). She testified at her deposition that she has lived in Roanoke her entire life. (Hall at p.30, ln 1-2). She crossed over two patches of ice, including the patch she slipped on, on her way into the store. (Hall at p. 28, ln 6-10).

### III.  ARGUMENT

#### A.  Summary Judgment In Favor Of Defendants Is Appropriate.

##### 1.  Summary Judgment Standard.

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment should be granted where "the pleadings, depositions [and] answers to interrogatories . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." The United States Supreme Court has construed Rule 56(c) to "mandate the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at

3

trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, (1986). The Court explained that, "in such situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case renders all other facts immaterial." Celotex, 477 U.S. at 323; see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 254, (1986). The nonmoving party must demonstrate that there are specific facts that would create a genuine issue for trial. See Anderson, 477 U.S. at 250. "Where . . . the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991).

### 2. Plaintiff Was Contributory Negligent As A Matter Of Law Because The Ice Constituted An Open And Obvious Danger.

Under Virginia law, the duty to warn exists only with respect to latent dangers, not to those which are or ought to be obvious to the invitee. Trimyer v. Norfolk Tallow Co., 66 S.E.2d 443, 444 (Va. 1951). It is well settled that a plaintiff who slips and falls as a result of an open and obvious danger is guilty of contributory negligence and is barred from recovery as a matter of law. Logan v. Boddie-Noell Enters., Inc. No. 4:11-cv-00008, 2012 WL 135284, at *6-7 (W.D. Va. Jan. 18, 2012). This principle holds true even when the plaintiff did not see the open and obvious defect. See Rocky Mount Shopping Ctr. Assocs. v. Steagall, 369 S.E.2d 193, 194 (Va. 1988). The standard in determining whether a defect is open and obvious is a totality of the circumstances test, in which the court must ask whether the plaintiff failed to act as a reasonable person would have acted for her own safety under the circumstances. Artrip v. E.E. Berry Equip. Co., 397 S.E.2d 821, 824 (Va. 1990).

A recent case with very similar facts to the case at hand is Adkison v. Frizzell, 2012 U.S. Dist. LEXIS 113810, No. 1:11-CV-00089. A true and accurate copy of the opinion is attached

4

hereto as Exhibit 2, and is specifically incorporated herein by reference. In Adkison, the plaintiff was injured when he fell in the parking lot of a shopping center owned and operated by the defendant. On January 20, 2011, a snow storm occurred resulting in the accumulation of snow and ice on the defendant's premises. The plaintiff, who owned a snow removal business, began clearing snow and ice from several properties on the morning of January 21, 2011. He then drove to the defendant's shopping center to visit a store. When he arrived at the parking lot of the defendant's store, it did not appear to him that the lot was cleared of snow and ice. The plaintiff left the defendant's parking lot and returned at approximately 10:10 a.m., noting the conditions of the parking lot had improved immensely. The plaintiff, while talking on his cell phone, opened the door of his vehicle, looked down, and saw what appeared to be wet asphalt. He dropped down, landed on one foot, and slipped and fell on the "wet" spot, which he then discovered was ice. The plaintiff fractured his hip and femur in the fall.

The court in Adkison ruled that the plaintiff either had knowledge of the parking lot's slippery condition or could have reasonably discovered the slippery condition. Like the case at hand, the plaintiff in Adkison had direct knowledge of the slippery condition because he admitted that he observed a spot of wet asphalt before deciding to step on it. The court in Adkison determined that whether the plaintiff thought the spot was merely wet rather than ice was insignificant, holding that the Fourth Circuit has found that a wet spot can constitute an open and obvious hazard where a person is aware of inclement weather conditions. See Newcomb v. Food Lion, Inc., No. 95-3044, 1996 WL 469902, at *2 (4th Cir. Aug. 20, 1996) (unpublished). Similarly, in Wynne v. Spainhour, the plaintiff, as in this case, slipped in a parking lot on what appeared to be a "dark moisture spot," which was actually ice left over from a recent snow storm. Wynne v. Spainhour, 205 S.E.2d 634, 634-35 (Va. 1974). The Supreme Court of

5

Virginia held that the spot was an open and obvious danger, barring recovery, regardless of what the plaintiff may have thought.

In Adkison, the court found that the plaintiff's argument that the particular ice patch he slipped on was invisible "black ice" did not negate a finding of contributory negligence. The court reasoned that the black ice was not invisible because plaintiff admitted that it appeared wet and, also, that if the ice were invisible, the plaintiff failed to show that the defendant had actual knowledge of the invisible black ice. The court further reasoned that plaintiff's argument that the defendant should have known about the presence of black ice based on inclement weather conditions would also apply to the plaintiff. The court held that the evidence did not show knowledge, actual or constructive, of a hidden danger on the part of the landowner superior to the knowledge of the invitee. Trimyer, 66 S.E.2d at 445.

Plaintiff has lived in Roanoke for her entire life and admitted to having knowledge that snow melts and refreezes. Plaintiff stated there were at least two patches of ice in the parking lot on the day of the accident. She also stated at her deposition that she knew black ice would form from the melting and refreezing of snow, and that she supposed she needed to be concerned about black ice. Plaintiff testified at her deposition that when Plaintiff arrived at the store, she saw piles of snow in the parking lot around the light poles. She had also seen piles of snow in the parking lot at work that day. Plaintiff stated that the weather conditions were sunny and clear, so there is no reason she would not be able see the black ice. Plaintiff should have been aware of the risk of patches of ice in the parking lot, considering the cold weather and piles of snow in the parking lot.

Plaintiff testified that the black ice she slipped in appeared to be water, and that because it appeared to be water, she stepped in it voluntarily. She intentionally put her foot onto it.

6

There is no evidence Plaintiff was forced to take a certain path into the store over the black ice and no evidence that Plaintiff could not have undertaken reasonable measures to step over or around what she believed was a wet spot, or at the least test the wet spot for slipperiness with her foot. Instead, she looked directly at the wet spot, believing it to be water, and deliberately stepped onto it. This despite the fact that Plaintiff supposed that she knew she had to be concerned about black ice. (Hall at p. 30, ln 12-14). There is also no evidence Plaintiff was distracted at the time she slipped and fell. As in Adkison, Plaintiff had direct knowledge of the slippery condition because she admitted that she observed a spot of wet asphalt before deciding to step on it. Plaintiff had actual knowledge of the slippery condition prior to her fall. Under the circumstances, Plaintiff failed to act as a reasonable person would have acted for her own safety, and therefore should be barred from recovering as she is guilty of contributory negligence as a matter of law.

### 3. The Plaintiff Fails To Make A Prima Facie Case Against Food Lion, LLC

To prove negligence, the plaintiff must first prove that the defendant breached a duty it owed to the plaintiff, and that through such breach the plaintiff was injured. Murphy v. Saunders, Inc., 202 Va. 913, 917, 121 S.E.2d 375 (1961). In a premises liability case, the premises owner owes a duty to exercise ordinary care toward the plaintiff as an invitee upon its premises. Colonial Stores, Inc. v. Pulley, 203 Va. 535, 537, 125 S.E.2d 188, 190 (1962). Furthermore, the owner must have the premises in a reasonably safe condition for her visit; must remove within a reasonable time any foreign objects on its floors which it may have placed there or which it should have known other persons placed there; and to warn the plaintiff of the unsafe

7

Case 7:11-cv-00298-JCT   Document 64   Filed 03/18/13   Page 7 of 11   Pageid#: 598

condition if it was unknown to the plaintiff but was, or should have been known to the premises owner. Pulley at 537. The premises owner is not the insurer of the plaintiff's safety. Langhorne Road Apartments, Inc. v. Bisson, 207 Va. 474, 478, 150 S.E.2d 540, 542 (1966).

In this case, Plaintiff sued DLC Management Corp., the landlord of Southwest Plaza, and Food Lion, LLC, a tenant at Southwest Plaza. The Defendant herein respectfully submits that, pursuant to the terms of its lease with DLC, that it had no duty to maintain the parking lot. Assuming for argument's sake that Defendant Food Lion, LLC did owe Plaintiff a duty to maintain the parking lot in a reasonably safe condition, Defendant Food Lion, LLC submits it had no actual or constructive notice of the black ice on which Plaintiff allegedly fell.

Plaintiff has alleged she slipped on black ice in the parking lot. There is no evidence which shows that this Defendant had any actual knowledge of the existence of this specific area of black ice prior to Plaintiff's fall. Plaintiff herself stated in her Complaint that the black ice she slipped on was not apparent to the naked eye until after she slipped on the ice. See Plaintiff's Complaint at ¶ 18. A true and accurate copy of Plaintiff's Complaint is attached hereto as Defendant's Exhibit 3 and is specifically incorporated herein by reference. It follows that this Defendant could not have seen the black ice prior to Plaintiff's fall and could not have actual knowledge of the black ice, unless it used a means of visual inspection greater than that of the naked eye. Such a method would call for a duty of care greater than the duty of ordinary care owed to Plaintiff. Therefore, Plaintiff must show that this Defendant had constructive knowledge of the black ice and either failed to remove it or warn Plaintiff.

Constructive knowledge of a dangerous condition on the premises may be shown by evidence that the condition "was noticeable and had existed for a sufficient length of time to charge its possessor with notice of its defective condition." Grim v. Rahe, Inc., 434 S.E.2d 888,

8

890 (Va. 1993). If the plaintiff is unable to show when a defect occurred on the premises, he has not made a prima facie case. Id. A plaintiff must show that the defendant had constructive notice of the specific unsafe condition that injured her. See Hodge v. Wal-Mart Stores, Inc., 360 F.3d 446, 453-54 (4th Cir. 2004). Defendant first submits that the black ice was not noticeable, as Plaintiff alleged in her Complaint that the black ice was not apparent to the naked eye. See Plaintiff's Complaint at ¶ 18. She also could not recall or estimate how big of an area the icy patch covered. (Hall at p.70, ln 12-16).

Secondly, there is no evidence that the black ice existed for a sufficient length of time to charge this Defendant with notice of the condition. Plaintiff testified at her deposition that she did not know long the subject patch of ice had existed and did not know its origin. (Hall at p. 74, ln 1-5). She did not know when it snowed, saw no streams of water in the parking lot, and did not know the temperature. Therefore, there is no way to know how long the specific area of black ice on which Plaintiff slipped was in existence prior to her fall. No party to this lawsuit has put forth any evidence as to how long this specific area of black ice was in existence prior to Plaintiff's fall. Defendant submits that black ice is very difficult to discover. Plaintiff herself would have to agree based on the allegations she has made in her Complaint. The black ice appeared to be water to Plaintiff until she fell in it. Defendant respectfully submits that Plaintiff is attempting to have it both ways, by alleging that she could not have discovered the black ice with her own "naked eye," but at the same time that Defendant somehow had a superior duty to discover this black ice.

Plaintiff fails to show when the black ice formed which caused her to fall. No evidence of the temperatures at or before the time of Plaintiff's fall have been offered. Thus Plaintiff is unable to prove that the condition existed for a sufficient length of time for Defendant to charge

the Defendant with constructive notice, and a jury could only reach such a conclusion as the result of "surmise, speculation, and conjecture." Pulley at 190. Since this Defendant had no notice of the black ice, either actual or constructive, Plaintiff cannot make a prima facie case against this Defendant.

WHEREFORE, based upon the arguments set forth above, the Defendant Food Lion, LLC respectfully moves this Court to enter Summary Judgment in its favor.

Respectfully submitted,

FOOD LION, LLC

BY:     /s/
        Of counsel

Warren H. Britt, Esquire (VSB #26378)
Jared A. Warren, Esquire (VSB #76146)
BRITT & BYRNE, PLLC
10800 Midlothian Turnpike, Suite 105
Richmond, Virginia 23235
jwarren@whbpc.com
Phone: (804) 378-6067
FAX: (804) 378-4084

### CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of March, 2013, I will electronically file the foregoing Memorandum in Support of Defendant's Motion for Summary Judgment with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

    Anthony M. Segura, Esquire
    GENTRY LOCKE RAKES & MOORE, LLP
    800 SunTrust Plaza
    P.O. Box 40013
    Roanoke, Virginia 24022-0013
    Phone: (540) 982-2606
    FAX: (540) 345-7481

10
Case 7:11-cv-00298-JCT   Document 64   Filed 03/18/13   Page 10 of 11   Pageid#: 601

Counsel for Plaintiff
Anthony_segura@gentrylocke.com

Diane L. Lynch, Esquire
LAW OFFICES OF MARK J. BEACHY
300 Arboretum Parkway, Suite 250
Richmond, Virginia 23236
Phone: (804) 330-6800
FAX: (804) 330-6811
Counsel for DLC Management Corporation,
and Southwest Improvement, LLC
dllynch@travelers.com

Phillip V. Anderson, Esquire
Macel H. Janoschka, Esquire
FRITH ANDERSON & PEAKE, PC
P.O. Box 1240
Roanoke, Virginia 24006-1240
Phone: (540) 772-4600
FAX: (540) 772-9167
panderson@faplawfirm.com

And I hereby certify that I will mail the foregoing document to the following non-filing user:

Richard Lee Lawrence, Esquire
THE LAWRENCE LAW FIRM
1031 First Street, S.W.
Roanoke, Virginia 24016
Phone: (540) 982-2606
FAX: (540) 345-7481
Co-Counsel for Plaintiff.

/s/
Jared A. Warren, Esquire
Virginia State Bar No.: 76146
Attorney for Food Lion, LLC
BRITT & BYRNE, PLLC
10800 Midlothian Turnpike, Suite 105
Richmond, Virginia 23235
Phone: (804) 378-6067
FAX: (804) 378-4084
jwarren@whbpc.com